## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR REPRODUCTIVE RIGHTS,<br>1600 K Street NW<br>Washington, DC 20006<br><br>                                    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>                                    Defendant. | No. 26-cv-205 |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Center for Reproductive Rights (the Center) brings this Complaint against Defendant United States Department of Justice and alleges as follows:

### NATURE OF THE ACTION

1.     The Center brings this action to compel Defendant United States Department of Justice (DOJ) to produce records as required by the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

2.     The Center submitted a FOIA request to DOJ on August 29, 2025, seeking records regarding the enforcement of the Freedom of Access to Clinic Entrances Act (FACE Act) (the Enforcement FOIA Request). Ex. A. The Center also sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

1

3.    DOJ's Civil Division responded to the Center's Enforcement FOIA Request on September 9, 2025. By letter dated January 15, 2026, DOJ's Civil Rights Division acknowledged that it received the request on January 6, 2026. DOJ has not otherwise responded to the request.

4.    The Center submitted a second FOIA request to DOJ on November 21, 2025, seeking records regarding pardons issued to individuals convicted of violating the FACE Act (the Pardons FOIA Request). Ex. D. The Center also sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

5.    By letter dated December 8, 2025, DOJ's Office of Information Policy acknowledged that it received the Pardons FOIA Request on November 21, 2025. By letter dated December 30, 2025, DOJ's Civil Rights Division acknowledged that it received the request on December 15, 2025. DOJ requested clarification of the request on January 15, 2026, and the Center responded on January 16, 2026. DOJ has not otherwise responded to the request.

6.    DOJ has failed to make a determination as to either of the Center's record requests or fee waiver requests within the statutory timeframe. Because of DOJ's failure to adhere to the statutory requirements, this Court has jurisdiction to adjudicate the dispute now.

7.    The Court should declare that DOJ's failure to respond, to search for records, or to produce documents in response to the Center's requests violates FOIA and should grant injunctive relief directing DOJ to conduct a search and to produce responsive documents to the Center immediately. The Court should further declare that the Center is entitled to a fee waiver for both of its requests.

## PARTIES

8.      Plaintiff, the Center for Reproductive Rights, is a 501(c)(3) non-profit corporation incorporated in the State of New York and headquartered at 199 Water Street, New York, NY 10038. It also maintains an office in Washington, DC. The Center is dedicated to using the power of law to advance reproductive rights as fundamental human rights around the world. It is the only global legal advocacy organization dedicated to reproductive rights, and its litigation and advocacy has played a key role in expanding access to reproductive health care around the world.

9.      Defendant, United States Department of Justice, is an agency of the United States government, with its principal office located at 950 Pennsylvania Avenue NW, Washington, DC, 20530. Defendant has possession, custody, and control of the records to which Plaintiff seeks access.

## JURISDICTION AND VENUE

10.      This action seeks declaratory and injunctive relief under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

11.      This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). Subject matter jurisdiction is also proper under 28 U.S.C. § 1331 because the cause of action asserted arises under the laws of the United States.

12.      Venue in this court is appropriate pursuant to 5 U.S.C. § 552(a)(4)(B).

13.      The Center is not required to further exhaust its administrative remedies because, under FOIA, a requestor of records "shall be deemed to have exhausted his administrative remedies with respect to [a] request if the agency fails to comply with the applicable time limit" for

providing a response to a FOIA request. 5 U.S.C. § 552(a)(6)(C)(i). As detailed below, DOJ did not provide the Center with a response to its FOIA requests within the time period required by the statute.

## BACKGROUND

### A.    The FACE Act and Violence Surrounding Reproductive Healthcare

14.    In 1993, Congress passed the Freedom of Access to Clinic Entrances Act (FACE Act) with bipartisan support. *See* Pub. L. No. 103-259, 108 Stat. 694 (1994), codified as 18 U.S.C. § 248; Freedom of Access to Clinic Entrances Act of 1993, H.R. 796, 103rd Cong. (1993); Freedom of Access to Clinic Entrances Act of 1994, S. 636, 103rd Cong. (1993).

15.    The FACE Act was enacted "in the wake of continuing violence against, and other forcible interference with, abortion clinics, their staffs, and their clientele by radical elements of the anti-abortion movement." *United States v. Soderna*, 82 F.3d 1370, 1372 (7th Cir. 1996). Specifically, Congress found that there was "growing violence accompanying the debate over the continued legality and availability of abortion and other reproductive health services," resulting in "death, injury, harassment, fear, and thousands of arrests all across the nation." H.R. Rep. No. 103-306 (1993), *as reprinted in* 1994 U.S.C.C.A.N. 699, 699, 703.

16.    In the two decades following the Supreme Court's decision in *Roe v. Wade*, 410 U.S. 113 (1973), activists had perpetrated more than 1,000 acts of violence against abortion providers, including at least 42 bombings, 102 arsons or attempted arsons, 84 assaults, two kidnappings, 327 clinic invasions, 9 shootings, 16 burglaries, 4 murders, and numerous death threats and violent confrontations. Arianne K. Tepper, *In Your F.A.C.E.: Federal Enforcement of*

*the Freedom of Access to Clinic Entrances Act of 1993*, 17 Pace L. Rev. 489, 493 (1997); *see* S. Rep. No. 103-117, at 3 (1993). In 1993, anti-abortion activists murdered Dr. David Gunn at the Pensacola Women's Medical Services Clinic in Florida. S. Rep. No. 103-117, at 3-4. An organization had posted "Wanted" posters with his name, address, phone number, and work schedule prior to the murder. *Id.*

17.     By 1993, "[a]nti-abortion activists ha[d] made it plain that" the rising tide of violence was "part of a deliberate campaign to eliminate access by closing clinics and intimidating doctors." S. Rep. No. 103-117, at 11. Indeed, a coordinator for the organization whose members murdered Dr. Gunn testified before Congress that "it is justified to destroy the abortion facilities and … terminate an abortionist." *Id.* at 4.

18.     The FACE Act was Congress's response to the rising tide of anti-abortion violence. Congress's stated purpose in enacting the FACE Act was to "promote the public safety and health and activities affecting interstate commerce by establishing Federal criminal penalties and civil remedies for certain violent, threatening, obstructive and destructive conduct that is intended to injure, intimidate or interfere with persons seeking to obtain or provide reproductive health services." Pub. L. No. 103-259 § 2. The FACE Act thus relevantly subjects to criminal and civil penalties whoever: (1) does or attempts to "by force or threat of force or by physical obstruction, intentionally injure[], intimidate[] or interfere[] with … any person because that person is or has been," or to intimidate such person from, "obtaining or providing reproductive health services;" or (2) "intentionally damages or destroys the property of a facility, or attempts to do so, because such facility provides reproductive health services." 18 U.S.C. § 248(a). The Act creates a private

civil cause of action for injunctive relief and compensatory and punitive damages. *Id.* § 248(c)(1). It also authorizes the Attorney General of the United States and State Attorneys General to bring civil causes of action for injunctive relief, compensatory damages, and civil penalties. *Id.* § 248(c)(2), (c)(3).

### B.    Increased Violence Following *Dobbs*

19.    The violence that moved Congress to enact the FACE Act not only persists but has intensified following the Supreme Court's 2022 decision in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215, which overturned *Roe v. Wade*, 410 U.S. 113 (1973).

20.    Since *Dobbs*, the number of reports of stalking of abortion clinic staff and patients rose from 4 in 2020 to 37 in 2023 and 2024 combined. *Compare* Nat'l Abortion Fed., *2020 Violence and Disruption Statistics*, perma.cc/UA98-XX7Q, *with* Nat'l Abortion Fed., *NAF 2024 Violence & Disruption Rep.*, perma.cc/8QAF-MZXG. In addition to reports of stalking, there were 621 instances of trespassing and 296 death threats or threats of other harms to abortion clinic staff and patients. *NAF 2024 Violence & Disruption Rep.* And in 2023 and 2024, there were also three instances of arson and thirteen abortion clinic invasions. *Id.*

### C.    Current Non-Enforcement of the FACE Act

21.    Despite the continued and increased violence against individuals seeking and facilities providing reproductive healthcare that Congress sought to remedy with the FACE Act, the current administration has forthrightly retreated from enforcing the Act.

22.     Three days after his inauguration, President Trump issued an executive grant of clemency that directed DOJ to pardon 23 individuals convicted of violating the FACE Act. *See* Dep't of Justice, *Executive Grant of Clemency* (Jan. 23, 2025), perma.cc/7TVW-YS5C.[1]

23.     The next day, the Acting Associate Attorney General (AAAG), under the direction of President Trump, instructed DOJ's Civil Rights Division to dismiss, with prejudice, pending abortion-related FACE Act prosecutions. *See* U.S. Dep't of Justice, *FACE Act Charging Policy* (Jan. 24, 2025), perma.cc/98UR-626N. The AAAG further instructed that "future abortion-related FACE Act prosecutions and civil actions will be permitted only in extraordinary circumstances," and that such actions require "authorization from the Assistant Attorney General for the Civil Rights Division." *Id.*

### D.     The Center's FOIA Requests

24.     On August 29, 2025, the Center submitted a FOIA request to DOJ seeking records regarding the enforcement of the FACE Act. The Enforcement FOIA Request included, among other things, "all communications" regarding: "FACE Act enforcement discretion"; "updated and/or new policies and procedures to determine what circumstances rise to a FACE Act violation"; and "active and pending litigation related to FACE Act enforcement and the decision

---

[1]     The cases cited in the executive grant of clemency make clear that all individuals were being pardoned for FACE Act offenses. *See* Indictment, *United States v. Lauren Handy et al.*, No. l:22-cr-00096 (D.D.C. Mar. 24, 2022), Dkt. No. 1; Indictment, *United States v. Chester Gallagher et al.*, No. 3:22-cr-00327 (M.D. Tenn. Oct. 3, 2022), Dkt. No. 3; Indictment, *United States v. Calvin Zastrow et al.*, No. 2: 23-cr-20100 (E.D. Mich. Feb. 15, 2023), Dkt. No. 1; Indictment, *United States v. Bevelyn Beatty Williams et al.*, No. 22-cr-00684 (S.D.N.Y. Dec. 13, 2022), Dkt. No. 2; Affidavit and Complaint in Support of an Application for an Arrest Warrantt, *United States v. Christopher Moscinski*, No. 2:22-cr-00485 (E.D.N.Y.) (Sept. 28, 2022), Dkt. No. 1.

to dismiss or maintain such litigation." The Center's request seeks records between January 20, 2025, and the date DOJ's search is conducted. Ex. A.

25.    The Enforcement FOIA Request also includes a request for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) because disclosure of the requested information would "contribut[e] significantly to the public understanding of FACE Act enforcement and whether or not DOJ will continue to ensure that all victims of violence, including abortion clinics, staff, and patients will be protected under the law." Ex. A.

26.    The Enforcement FOIA Request was initially submitted to DOJ's Civil Division. On September 9, 2025, DOJ's Civil Division FOIA Office responded to the email transmitting the Center's FOIA request, asking whether it "mean[t] to submit a request to the Civil Rights Division or Civil Division." Ex. B. DOJ thus received the Center's Enforcement FOIA request no later than September 9, 2025.

27.    Also on September 9, 2025, the Center confirmed that its "request [wa]s intended for the Civil Rights Division" and asked that its request be routed to that Division. DOJ responded that same day: "Yes. We will do that for you." Ex. B.

28.    By letter dated January 15, 2026, DOJ's Civil Rights Division FOIA Office acknowledged that it received the Enforcement FOIA Request on January 6, 2026. It "assured" that the request would be handled "as equitably and promptly as possible." Ex. C.[2]

---

[2]    Though the Center sent its FOIA request on August 29, 2025, and DOJ's Civil Division FOIA Office received that request by September 9, 2025, the acknowledgement of receipt from DOJ's Civil Rights Division's FOIA Office listed the date of receipt as January 6, 2026. Ex. C.

29.    The Enforcement FOIA request was assigned DOJ FOIA Control No 26-00169-F.

30.    On November 21, 2025, the Center submitted a second FOIA request to DOJ seeking various records "related to any and all individuals granted clemency by the 2025 FACE Act pardons." The Pardons FOIA Request seeks records between November 5, 2024, and the date DOJ's search is conducted. Ex. D.

31.    The Pardons FOIA Request also includes a request for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) because disclosure of the requested information would "contribut[e] significantly to the public understanding of FACE Act enforcement and whether or not DOJ will continue to ensure that all victims of violence, including abortion clinics, staff, and patients will be protected under the law." Ex. D.

32.    Though the Pardons FOIA Request was addressed to DOJ's Civil Rights Division, DOJ directed the request to its Office of Information Policy. Ex. E.

33.    By letter dated December 8, 2025, DOJ's Office of Information Policy acknowledged that it received the Center's request on November 21, 2025. The Office of Information Policy stated that it had forwarded the Center's request to the Civil Rights Division "for processing and direct response to [the Center]." Ex. F.

34.    At that time, the Pardons FOIA Request was assigned DOJ FOIA Control No. 2025-00642.

35.    By letter dated December 30, 2025, DOJ's Civil Rights Division FOIA Office acknowledged that it received the Pardons FOIA Request on December 15, 2025. It "assured" the Center that the request would be handled "as equitably and promptly as possible." Ex. G.

36.    The Pardons FOIA Request was then assigned DOJ FOIA Control No. 26-00141-F.

37.    On January 15, 2026, DOJ's Civil Rights Division FOIA Office emailed the Center asking for clarification regarding the Pardons FOIA request. The Office asked whether the Center was "seeking records related to the Civil Rights Division (CRT) or documents related to clemency." The Center responded on January 16, 2026, explaining that it "believe[d] [its] FOIA request … [wa]s sufficiently clear for the agency to conduct the requisite searches" and that it was not limited to records held by any one DOJ component. Ex. H.

## LEGAL ARGUMENT

38.    FOIA requires an agency, after receiving a "request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, [to] make the records promptly available" to the requestor. 5 U.S.C. § 552(a)(6)(A)(i).

39.    The Center's FOIA requests include records and segregable material that are not subject to any FOIA Exemption. The records the Center seeks are thus not categorically exempt from disclosure under FOIA. *See Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 893 (D.C. Cir. 1995).

40.    The agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any [proper FOIA] request whether to comply with such request and shall immediately notify the person making such request of . . . such determination

10

and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i). The agency must answer fee waiver requests within that same timeframe. *See Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003).

41.     The agency's 20-day period "shall commence on the date on which the request is first received by the appropriate component of the agency, *but in any event not later than ten days after the request is first received by any component of the agency* that is designated in the agency's" FOIA regulations to receive FOIA requests. 5 U.S.C. § 552(a)(6)(A)(ii) (emphasis added).

42.     DOJ's Civil Division, Civil Rights Division, and Office of Information Policy are DOJ components authorized to receive FOIA requests. DOJ's FOIA regulations state that "[a]ll components have the capability to receive requests electronically." 28 C.F.R. § 16.3(a)(1); *see also id.* (referencing "The [DOJ's] FOIA Reference Guide"); Off. of Info. Policy, U.S. Dept. of Justice, *DOJ Reference Guide: Attachment B*, perma.cc/H5WH-23TS (DOJ FOIA Reference Guide including, in the "Listing and Descriptions of Department of Justice Components," the DOJ Civil Division, DOJ Office of Information Policy, and the DOJ Civil Rights Division).

43.     For purposes of FOIA, DOJ received the Enforcement FOIA Request no later than September 23, 2025, which was ten business days after a component of DOJ acknowledged receipt of the request. DOJ did not satisfy the 20-day deadline in 5 U.S.C. § 522(a)(6)(A)(i) with respect to the Enforcement FOIA Request.

44.     For purposes of FOIA, DOJ received the Pardons FOIA Request no later than December 5, 2025, which was ten business days after a component of DOJ acknowledged receipt of the request. DOJ did not satisfy the 20-day deadline in 5 U.S.C. § 522(a)(6)(A)(i) with respect to the Pardons FOIA Request.

45.     FOIA's 20-day deadline can be extended, in "unusual circumstances," by no more than ten additional business days. 5 U.S.C. § 552(a)(6)(B)(i).

46.     FOIA thus allows an agency a *maximum* of thirty working days within which to make a determination on a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B). The agency must then make responsive, nonexempt records "promptly available" to the requestor. *Id.* § 552(a)(3)(A).

47.     It has been over four months since DOJ's maximum statutory thirty-working-day window commenced with respect to the Enforcement FOIA Request. DOJ has not provided any records or otherwise issued a determination as to the Center's records request and accompanying fee waiver request. Even assuming that "unusual circumstances" existed, DOJ did not meet its deadline to provide a response. In "unusual circumstances," DOJ would at most have 30 business days from September 23, 2025—nearly three months ago—to make a determination on the Enforcement FOIA Request.

48.     It has been almost two months since DOJ's maximum statutory thirty-working-day window commenced with respect to the Pardons FOIA Request. DOJ has not provided any records or otherwise issued a determination as to the Center's records request and accompanying fee waiver request. Even assuming that "unusual circumstances" existed, DOJ did not meet its deadline to provide a response. In "unusual circumstances," DOJ would at most have 30 business days from December 5, 2025, to make a determination on the Enforcement FOIA Request. That time has elapsed without a response.

49.     "[I]n order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii)

12

determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

50.     On information and belief, DOJ has not satisfied any of these basic requirements for either of the Center's FOIA requests. It has not conducted a search for responsive documents. It has not determined—and certainly has not communicated—the scope of documents to be withheld and disclosed. And DOJ has not informed the Center of any determination regarding its requests, including concerning the appealability of any adverse portions of the determination.

51.     DOJ thus has yet to issue a determination on the requests or produce any responsive documents. It has exceeded the maximum statutory thirty-working-day window for each of the Center's FOIA requests. *See* 5 U.S.C. § 552(a)(6)(A)-(B). No administrative exhaustion requirement applies to either FOIA request.

52.     The agency is subject to the same maximum statutory thirty-working-day window to answer a fee waiver request accompanying a records request. *See Jud. Watch, Inc.*, 326 F.3d at 1310. "A [fee waiver] requestor is considered to have constructively exhausted administrative remedies and may seek judicial review immediately if … the agency fails to answer the request" within the statutory timeline. *Id.*

53.     DOJ has yet to answer the Center's fee waiver requests accompanying its records requests. It has exceeded the maximum statutory thirty-working-day window for the fee waiver

requests in each of the Center's FOIA requests. 5 U.S.C. § 552(a)(6)(A)-(B). No administrative

exhaustion requirement applies to either fee waiver request.

54.     FOIA requires that "[d]ocuments shall be furnished without any charge or at a

charge reduced below the fees established [by the agency] if disclosure of the information is in the

public interest because it is likely to contribute significantly to public understanding of the

operations or activities of the government and is not primarily in the commercial interest of the

requester." 5 U.S.C. § 552(a)(4)(A)(iii).

55.     Disclosure of the records requested by the Center's FOIA requests is not primarily

in the commercial interest of the Center and is likely to contribute to the public interest. Disclosure

will contribute significantly to public understanding of the Trump administration's enforcement

of the FACE Act.

56.     FOIA authorizes a district court to stay proceedings and "allow the agency

additional time to complete its review of the records" only if "the Government can show [that]

exceptional circumstances exist and that the agency is exercising due diligence in responding to

the request." 5 U.S.C. § 552(a)(6)(C)(i). The burden of demonstrating exceptional circumstances

is on the agency. *Id.*

57.     A stay is not warranted here because DOJ cannot show either "exceptional

circumstances" or that it is responding to the Center's requests with due diligence.

58.     In order to show that exceptional circumstances exist, "[a]n agency must show more

than a great number of requests" (*Leadership Conf. on Civil Rights v. Gonzales*, 404 F. Supp. 2d

246, 259 n.4 (D.D.C. 2005)); it must also show that "the number of requests received in the relevant

period was truly unforeseen and remarkable" or that it is making progress in reducing its backlog of requests (*Daily Caller News Found. v. FBI*, 387 F. Supp. 3d 112, 116 (D.D.C. 2019)).

59.    Here, the available data demonstrate that DOJ's current load of FOIA requests is neither unforeseen nor remarkable and that DOJ is not making any progress on its backlog.

60.    The number of FOIA requests received by DOJ each year has remained relatively stable over the last few years. Indeed, the most recent data on the number of requests received by DOJ shows that it is substantially lower than its peak in 2017.[3]

| Year | Number of Requests Received by DOJ |
|------|-------------------------------------|
| FY2024 | 414 |
| FY2023 | 377 |
| FY2022 | 327 |
| FY2021 | 312 |
| FY2020 | 265 |
| FY2019 | 307 |
| FY2018 | 421 |
| FY2017 | 459 |

---

[3]    Data taken from the Department of Justice Freedom of Information Annual Reports (https://www.justice.gov/oip/reports-1#s1). Data represents FOIA requests received by DOJ's Civil Rights Division specifically.

61.     Given the relative stability of DOJ's inflow of requests, DOJ cannot credibly claim that its current FOIA workload is unforeseeably or unusually high.

62.     The data also indicate that DOJ has not been making reasonable progress in reducing its backlog of requests. On the contrary, the data indicate that DOJ's backlog has grown substantially in the most recent fiscal years with reported data.[4]

| Fiscal Year | Number of Backlogged Requests at FY End |
|---|---|
| FY2024 | 339 |
| FY2023 | 427 |
| FY2022 | 381 |
| FY2021 | 266 |
| FY2020 | 188 |
| FY2019 | 147 |
| FY2018 | 125 |
| FY2017 | 96 |

63.     Because DOJ is neither dealing with an unforeseen level of FOIA requests nor making progress on its FOIA backlog, it cannot show the "exceptional circumstances" required to warrant a stay.

---

[4]   Data taken from the Department of Justice Freedom of Information Annual Reports (https://www.justice.gov/oip/reports-1#s1). Data represents backlogged FOIA requests with DOJ's Civil Rights Division specifically.

64.     Even if "exceptional circumstances" existed, a stay would be unwarranted because DOJ cannot show that it is responding to the Center's requests with due diligence.

## CLAIMS

## COUNT I

**Freedom of Information Act, 5 U.S.C. § 552 — Failure to Conduct Adequate Search Enforcement FOIA Request**

65.     The Center hereby incorporates and re-alleges the foregoing paragraphs as though fully set forth herein.

66.     FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable to procedural rules, to "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C).

67.     The Center's FOIA request dated August 29, 2025, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires DOJ to make a determination on the request and to produce documents without delay.

68.     DOJ's failure to conduct a reasonable search for records responsive to the Center's FOIA request violates 5 U.S.C. § 552(a)(3)(C).

## COUNT II

**Freedom of Information Act, 5 U.S.C. § 552 — Failure to Respond within Time Required Enforcement FOIA Request**

69.     The Center hereby incorporates and re-alleges the foregoing paragraphs as though fully set forth herein.

17

70.     FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable procedural rules, to "determine . . . whether to comply with such request" and "immediately notify the person making such request." 5 U.S.C. § 552(a)(6)(A)(i). DOJ must make this determination "within 20 days (excepting Saturdays, Sundays, and legal public holidays)" and FOIA permits a ten business-day extension in "exceptional circumstances" for a maximum of 30 business days. *Id.* § 552(a)(6)(A)(i), (B)(i). This maximum thirty-working-day window commences "not later than ten days after the request is first received by any component of the agency that is designated in the agency's" FOIA regulations to receive FOIA requests. *Id.* § 552(a)(6)(A)(ii). The agency must answer a fee waiver request accompanying a FOIA request within this same maximum thirty-working-day window. *See Jud. Watch, Inc.*, 326 F.3d at 1310.

71.     The Center's FOIA request dated August 25, 2025, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires DOJ to make a determination on the records request and accompanying fee waiver request and to produce responsive documents without delay.

72.     To date, DOJ has not responded to the Center's records request or accompanying fee waiver request. DOJ's 30-business-day deadline has passed. DOJ's failure to respond to the Center's request thus violates FOIA.

## COUNT III

### Freedom of Information Act, 5 U.S.C. § 552 — Failure to Provide Responsive Records Enforcement FOIA Request

73.     The Center hereby incorporates and re-alleges the foregoing paragraphs as though fully set forth herein.

74.     FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable procedural rules, to "make the records promptly available." 5 U.S.C. § 552(a)(3)(A).

75.     The Center's FOIA request dated August 29, 2025, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires DOJ to produce responsive documents without delay.

76.     DOJ's failure to provide the responsive, nonexempt records thus violates FOIA.

## COUNT IV

### Freedom of Information Act, 5 U.S.C. § 552 — Failure to Grant Fee Waiver Request Enforcement FOIA Request

77.     The Center hereby incorporates and re-alleges the foregoing paragraphs as though fully set forth herein.

78.     FOIA requires that "[d]ocuments shall be furnished without any charge or at a charge reduced below the fees established [by the agency] if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

79.     The Center's Enforcement FOIA Request includes a request for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).

80.     Disclosure of the records requested in the Enforcement FOIA Request is not primarily in the commercial interest of the Center.

81.     Disclosure of the records requested in the Enforcement FOIA Request is in the public interest. It is likely to contribute significantly to public understanding of the Trump administration's enforcement of the FACE Act.

82.     DOJ's failure to grant the Center's Enforcement FOIA Request thus violates FOIA.

## COUNT V

### Freedom of Information Act, 5 U.S.C. § 552 — Failure to Conduct Adequate Search Pardons FOIA Request

83.     The Center hereby incorporates and re-alleges the foregoing paragraphs as though fully set forth herein.

84.     FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable to procedural rules, to "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C).

85.     The Center's FOIA request dated November 21, 2025, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires DOJ to make a determination on the request and to produce documents without delay.

86.     DOJ's failure to conduct a reasonable search for records responsive to the Center's FOIA request violates 5 U.S.C. § 552(a)(3)(C).

## COUNT VI

## Freedom of Information Act, 5 U.S.C. § 552 — Failure to Respond within Time Required Pardons FOIA Request

87.    The Center hereby incorporates and re-alleges the foregoing paragraphs as though fully set forth herein.

88.    FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable procedural rules, to "determine . . . whether to comply with such request" and "immediately notify the person making such request." 5 U.S.C. § 552(a)(6)(A)(i). DOJ must make this determination "within 20 days (excepting Saturdays, Sundays, and legal public holidays)" and FOIA permits a ten business-day extension in "exceptional circumstances" for a maximum of 30 business days. *Id.* § 552(a)(6)(A)(i), (B)(i). This maximum thirty-working-day window commences "not later than ten days after the request is first received by any component of the agency that is designated in the agency's" FOIA regulations to receive FOIA requests. *Id.* § 552(a)(6)(A)(ii). The agency must answer a fee waiver request accompanying a FOIA request within this same maximum thirty-working-day window. *See Jud. Watch, Inc.*, 326 F.3d at 1310.

89.    The Center's FOIA request dated November 21, 2025, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires DOJ to make a determination on the records request and accompanying fee waiver request and to produce responsive documents without delay.

21

90.     To date, DOJ has not responded to the Center's FOIA request or accompanying fee waiver request. DOJ's 30-business-day deadline has passed. DOJ's failure to respond to the Center's request thus violates FOIA.

## COUNT VII

### Freedom of Information Act, 5 U.S.C. § 552 — Failure to Provide Responsive Records Pardons FOIA Request

91.     The Center hereby incorporates and re-alleges the foregoing paragraphs as though fully set forth herein.

92.     FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable procedural rules, to "make the records promptly available." 5 U.S.C. § 552(a)(3)(A).

93.     The Center's FOIA request dated November 21, 2025, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires DOJ to produce responsive documents without delay.

94.     DOJ's failure to provide the responsive, nonexempt records thus violates FOIA.

## COUNT VIII

### Freedom of Information Act, 5 U.S.C. § 552 — Failure to Grant Fee Waiver Request Pardons FOIA Request

95.     The Center hereby incorporates and re-alleges the foregoing paragraphs as though fully set forth herein.

96.     FOIA requires that "[d]ocuments shall be furnished without any charge or at a charge reduced below the fees established [by the agency] if disclosure of the information is in the

public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

97.     The Center's Pardons FOIA Request included a request for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).

98.     Disclosure of the records requested in the Pardons FOIA Request is not primarily in the commercial interest of the Center.

99.     Disclosure of the records requested in the Pardons FOIA Request is in the public interest. It is likely to contribute significantly to public understanding of the Trump administration's enforcement of the FACE Act.

100.     DOJ's failure to grant the Center's Pardons FOIA Request thus violates FOIA.

## PRAYER FOR RELIEF

WHEREFORE, The Center respectfully requests that this Court enter judgment in its favor and that the Court:

1.     Declare that DOJ's failure to respond, conduct a search, or produce responsive documents for four months after the commencement of the statutory deadline with respect to the Center's Enforcement FOIA Request violates FOIA.

2.     Declare that DOJ's failure to respond, conduct a search, or produce responsive documents for nearly two months after the commencement of the statutory deadline with respect to the Center's Pardons FOIA Request violates FOIA.

23

3.    Declare that the Center is entitled to a fee waiver for its Enforcement FOIA Request.

4.    Declare that the Center is entitled to a fee waiver for its Pardons FOIA Request.

5.    Order that Defendant DOJ expeditiously conduct an adequate search for all records responsive to the Center's Enforcement FOIA request reasonably calculated to lead to discovery of all responsive records.

6.    Order that Defendant DOJ expeditiously conduct an adequate search for all records responsive to the Center's Pardons FOIA request reasonably calculated to lead to discovery of all responsive records.

7.    Order that Defendant DOJ process and disclose the documents requested in the Center's Enforcement FOIA Request in their entirety and promptly make copies available to the Center by a date certain.

8.    Order that Defendant DOJ process and disclose the documents requested in the Center's Pardons FOIA Request in their entirety and promptly make copies available to the Center by a date certain.

9.    Order that Defendant DOJ identify and justify by a date certain any responsive records or portions of responsive records it seeks to withhold.

10.    Award the Center its costs and reasonable attorney's fees incurred in this action.

11.    Award the Center such other and further relief as the Court may deem just and proper.

Dated: January 23, 2026                    Respectfully submitted,

/s/ *Sarah P. Hogarth*
Sarah P. Hogarth (Bar No. 1033884)
Charles Seidell (Bar. No. 1670893)
Aleena Ijaz (Bar. No. 90011116)
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
shogarth@mwe.com

*Attorneys for Plaintiff*

25