UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR REPRODUCTIVE RIGHTS,

Plaintiff,

v.

DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 26-0205 (JMC)

## ANSWER

Defendant U.S. Department of Justice, by and through undersigned counsel, hereby responds to Plaintiff's Complaint, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayers for relief in the Complaint as follows:

**NATURE OF THE ACTION[1]**

1.    The allegations in this paragraph consist of Plaintiff's characterization of this action, to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action under the FOIA.

2.    Defendant admits that Plaintiff submitted a FOIA request dated August 29, 2025, to the Department's Civil Division's FOIA office and that Plaintiff sought a fee waiver. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, to which to response is required.  To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

3.    Defendant admits the Civil Division responded to Plaintiff's request on September 9, 2025. Defendant admits the Civil Rights Division acknowledged receipt of the request on January 6, 2026. Defendant denies the remainder of the allegations in this paragraph.

4.    Defendant admits that Plaintiff submitted a FOIA request dated November 21, 2025, to the Department. Defendant avers that the Civil Rights Division received the request on December 15, 2025, and assigned it FOIA #26-00141-F. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, to which to response is required.  To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

---

[1]    Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (*see* Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

5.    Defendant admits the Office of Information Policy acknowledged receipt of the request on December 8, 2025. Defendant admits the Civil Rights Division acknowledged receipt of the request on December 30, 2025. Defendant admits the Civil Rights Division reached out to the requester on January 15, 2026, via email seeking further clarification on the scope of the request and Plaintiff responded on January 16, 2026. Defendant denies the remainder of the allegations in this paragraph

6.    This paragraph consists of Plaintiff's characterization of this action and legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies that it is in violation of FOIA and admits that Plaintiff has exhausted administrative remedies.

7.    This paragraph consists of Plaintiff's legal conclusions and requests for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

## **PARTIES**

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9.    Defendant admits that it is a federal agency within the meaning of FOIA and the Civil Rights Division, a component of the Department of Justice, is subject to FOIA. The second sentence of this paragraph consists of a legal conclusion, to which no response is required.

## **JURISDICTION AND VENUE**

10.    This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

11.    This paragraph contains conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this court has jurisdiction subject to the terms and limitations of the FOIA.

12.    This paragraph contains conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district.

13.    This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required.  To the extent response is deemed required, Defendant admits that Plaintiff has exhausted administrative remedies.

### BACKGROUND

**A.    The FACE Act and Violence Surrounding Reproductive Healthcare**

14.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial

and impertinent matters pursuant to Rule 12(f).  The allegations do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  The allegations do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the

extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### B.    Increased Violence Following *Dobbs*

19.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### C.    Current Non-Enforcement of the FACE Act

21.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### D.      The Center's FOIA Requests

24.     Defendant admits that Defendant admits that Plaintiff submitted a FOIA request dated August 29, 2025, to the Department's Civil Division's FOIA office. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required.  To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete

and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the request.

25.     Defendant admits that the FOIA request included a request for a fee waiver.  The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required.  To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the request.

26.     Defendant admits that the Civil Division sought clarification on September 9, 2025. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that communication , to which no response is required.  To the extent a response is deemed required, Defendant avers that the communication is the best evidence of its contents and respectfully refers the Court to the communication for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the request.

27.     Defendant admits that Plaintiff and Defendant exchanged further correspondence on September 9, 2025.  The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that correspondence, to which no response is required.  To the extent a response is deemed required, Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the correspondence.

28.     As to the first sentence, Defendant admits the Civil Rights Division acknowledged receipt of the request on January 15, 2026. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that acknowledgment, to which no response is required. To the extent a response is deemed required, Defendant avers that the acknowledgment is the best evidence of its contents and respectfully refers the Court to the acknowledgment for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the acknowledgment.

29.     Defendant admits the allegations in this paragraph.

30.     Defendant admits that Plaintiff submitted a FOIA request dated November 21, 2025, to the Department. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the request.

31.     The allegations in this paragraph consist of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the request.

32.     Defendant admits Plaintiff's FOIA request was initially directed to the Office of Information Policy and re-directed to the Civil Rights Division.

33.     Defendant admits that Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies the allegations inconsistent therewith.

34.     Defendant admits the allegations in this paragraph.

35.     Defendant admits the Civil Rights Division acknowledged receipt of the request on December 30, 2025. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that acknowledgement, to which no response is required.  To the extent a response is deemed required, Defendant avers that the acknowledgement is the best evidence of its contents and respectfully refers the Court to the acknowledgement for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the acknowledgment.

36.     Defendant admits the allegations in this paragraph.

37.     Defendant admits that it sought clarification of Plaintiff's request on January 15, 2026, and that Plaintiff responded on January 16, 2026.  The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that correspondence, to which no response is required.  To the extent a response is deemed required, Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the correspondence.

## **LEGAL ARGUMENT**

38.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

39. This paragraph consists of Plaintiff's legal conclusions and opinions, not allegations of fact, to which no response is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

40. This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

41. This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

42. Defendant admits that it is authorized to receive FOIA requests electronically. The remainder of the allegations consist of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant avers that the cited sources are the best evidence of its contents and respectfully refers the Court to the cited sources for a complete and accurate statement of their contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the cited sources.

43. This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant admits it is continuing

to process these requests and has not yet provided a substantive response to Plaintiff. Defendant denies any remaining allegations in this paragraph.

44.    This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant admits it is continuing to process these requests and has not yet provided a substantive response to Plaintiff. Defendant denies any remaining allegations in this paragraph.

45.    This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

46.    This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

47.    This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant avers that, as of the date of the Complaint, it had not provided records or issued a determination.

48.    This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that it is continuing to process Plaintiff's request.

49.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the cited case is the best evidence of its contents and respectfully refers the Court to the cited case for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the cited case.

50.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies that it is in violation of FOIA.

51.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant admits that, as of the date of the Complaint, it has not issued a determination or produced any documents.

52.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the cited case is the best evidence of its contents and respectfully refers the Court to the cited case for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the cited case.

53.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant admits that, as of the date of the Complaint, it has not responded to Plaintiff's fee waiver requests.

54.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete

and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

55.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

57.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

58.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the cited cases are the best evidence of their contents and respectfully refers the Court to the cited cases for a complete and accurate statement of their contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the contents of the cited cases.

59.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

60.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

61. This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

62. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

63. This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

64. This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## CLAIMS

### COUNT I

65.     Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

66.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

67.     This paragraph consists of Plaintiff's characterization of its request and legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

68.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies it is in violation of FOIA.

### COUNT II

69.     Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

70.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute and the cited case are the best evidence of their contents and respectfully refers the Court to the statute and the cited case for a complete and accurate statement of its contents. Defendant denies

all allegations in this paragraph to the extent they are inconsistent with the content of the statute and the cited case.

71.     This paragraph consists of Plaintiff's characterization of its request and legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

72.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies it is in violation of FOIA.

## COUNT III

73.     Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

74.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

75.     This paragraph consists of Plaintiff's characterization of its request and legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

76.    This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies it is in violation of FOIA.

## COUNT IV

77.    Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

78.    This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

79.    Defendant admits that the request sought a fee waiver.

80.    This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

81.    This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

82.    This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies it is in violation of FOIA.

**COUNT V**

83.     Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

84.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

85.     This paragraph consists of Plaintiff's characterization of its request and legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

86.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies it is in violation of FOIA.

**COUNT VI**

87.     Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

88.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute and the cited case are the best evidence of their contents and respectfully refers the Court to the statute and the cited case for a complete and accurate statement of its contents. Defendant denies

all allegations in this paragraph to the extent they are inconsistent with the content of the statute and the cited case.

89.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

90.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies it is in violation of FOIA.

## COUNT VII

91.     Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

92.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the statute is the best evidence of its contents and respectfully refers the Court to the statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the statute.

93.     This paragraph consists of Plaintiff's characterization of its request and legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents.

94.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies it is in violation of FOIA.

## COUNT VIII

95.     Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

96.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant refers the Court to the statutory text for a complete and accurate statement of its contents and denies the allegations inconsistent therewith.

97.     Defendant admits that the request sought a fee waiver.

98.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

99.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

100.     This paragraph consists of Plaintiff's legal conclusions and opinions, to which no response is required. To the extent a response is deemed required, Defendant denies it is in violation of FOIA.

## PRAYER FOR RELIEF

The remainder of the complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any records exempt from disclosure by one or more exemptions or exclusion of the FOIA, 5 U.S.C. § 552, as amended, or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction to award relief that exceeds that authorized by the FOIA, including but not limited to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

## FOURTH DEFENSE

The Department has not improperly withheld records requested by Plaintiff under the FOIA.  5 U.S.C. § 552,

- 22 -

**FIFTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

**SIXTH DEFENSE**

The request is improper because it does not reasonably describe the records sought as required by 5 U.S.C. § 552(a)(3)(A), and present an unduly burdensome effort of review, redaction, and production for Defendant.

- 24 -

Dated:  March 2, 2026
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:  _____ */s/ Brian J. Levy* _____
     BRIAN J. LEVY
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-6734

*Attorneys for the United States of America*

- 24 -